UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-81198-CIV-SMITH/MATTHEWMAN

RICHARD T. STROTHER,

        Plaintiff,

vs.

ANDREW SAUL, Commissioner
of Social Security,

        Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION AND CLOSING CASE

This matter is before the Court on the Report and Recommendation on Motions for Summary Judgment [DE 36] (the "Report"). Magistrate Judge Matthewman recommends granting Defendant's Motion for Summary Judgment [DE 28] and denying Plaintiff's Motion for Summary Judgment [DE 23]. The Report found that the Administrative Law Judge's (ALJ) decision denying benefits was supported by substantial evidence and, thus, recommends that the ALJ's decision be affirmed. Plaintiff has filed objections [DE 37]. Because the Magistrate Judge correctly found that substantial evidence supports the ALJ's findings, the Court affirms and adopts the Report, overrules Plaintiff's objections, grants Defendant's Motion for Summary Judgment, and denies Plaintiff's Motion for Summary Judgment.

Plaintiff raises five objections to the Report: (1) the Magistrate Judge failed to apply the proper statutory test under Social Security Administration procedure after the ALJ found that Plaintiff suffered from certain medically determinable impairments; (2) the Magistrate Judge erred in finding that Plaintiff's medically determinable impairments would not last for a continuous period of more than twelve months and prevents him from performing his past work; (3) the ALJ

1

failed to fully follow the second step required by 20 C.F.R. § 404.1529 in determining whether Plaintiff has a medically determinable impairment that is "severe;" (4) the Magistrate Judge failed to apply the proper legal standard articulated in *Brady v. Heckler*, 724 F.2d 914 (11th Cir. 1984); and (5) the ALJ failed to properly consider precedent set forth in a case where the Social Security Administration recognized Toxic Black Mold Poisoning as a disability.

The standard of review of a decision of the Social Security Commissioner applied by a district court is well established:

> In reviewing claims brought under the Social Security Act, [a court's] role is a limited one. [It] may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the Secretary. Even if [it] find[s] that the evidence preponderates against the Secretary's decision, [it] must affirm if the decision is supported by substantial evidence.

*Bloodsworth v. Heckler,* 703 F.2d 1233, 1239 (11th Cir. 1983). Substantial evidence is more than a scintilla but less than a preponderance and is generally defined as such relevant evidence which a reasonable mind would accept as adequate to support a conclusion. *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1358 (11th Cir. 2018); *Bloodsworth*, 703 F.2d at 1239. Based on this standard, the ALJ's decision and the Report must be affirmed.

***Plaintiff's First Objection***

As to Plaintiff's first objection, he argues that the Magistrate Judge failed to apply the proper legal standards in evaluating claims for social security benefits after the ALJ found that Plaintiff suffered from Degenerative Disc Disease and Toxic Mold Exposure. As an initial matter, this argument is nothing more than an attempt to have the Court reweigh the opinion evidence while applying the statutory test provided by the administration. The Court's role is limited to determining whether the ALJ's decision is supported by substantial evidence. Thus, the Court

rejects Plaintiff's argument that *the Magistrate Judge* failed to apply the proper statutory test. This objection is overruled.

### Plaintiff's Second Objection

Plaintiff contends that the ALJ erred in finding that the record does not establish that Plaintiff's impairments meet the durational requirements of a "severe impairment" during the relevant period. The Plaintiff also contends that the Magistrate Judge's acceptance of this finding is erroneous because Plaintiff has proven by a preponderance of the evidence that he has a medically determinable physical or mental impairment, which would last continually for more than twelve months. Specifically, Plaintiff relies solely on his testimony before the ALJ. Plaintiff testified that the toxins within his body would take at least two more years to clear his system. He contends this is enough to show that his condition was expected to last more than twelve months. The Court is unpersuaded by this argument as the ALJ considered the evidence presented before her and determined that there was a lack of objective evidence to establish that Plaintiff's impairments lasted or were expected to last for a period of twelve months. Aside from Plaintiff's testimony, there was nothing in the medical record to suggest that Plaintiff's impairments were expected to last for a period of twelve months. In fact, the medical evidence submitted by Plaintiff showed that, despite being exposed to black toxic mold, there was nothing to suggest that Plaintiff's impairments were expected to last for a period of twelve months. This objection is overruled.

### Plaintiff's Third Objection

Plaintiff contends that the ALJ: (i) failed to fully follow the second step required by 20 C.F.R. § 404.1529 in assessing whether Plaintiff's medically determinable impairments were "severe;" (ii) failed to evaluate the intensity, persistence, and limiting effects of Plaintiff's

functional limitations or functionally limiting effects of pain; (iii) the ALJ simply glossed over the statutory mandate; and (iv) the Magistrate Judge overlooked the issue of pain severity and Defendant's lack of rebuttal. These arguments, however, were raised in Plaintiff's Motion for Summary Judgment. Objections are improper if they expand upon and reframe arguments already made and considered by the magistrate judge, or simply disagree with the magistrate judge's conclusion. *Webster v. Sec'y of Fla. Dep't of Corr.*, Case No. 0:97-cv-07216-KMM, 2021 WL 663975, at *2 (S.D. Fla. Feb. 19, 2021). Because Plaintiff has failed to properly object, "[t]he Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.* (citing *Keaton v. United States*, No. 14-21230-CIV, 2015 WL 12780912, at *1 (S.D. Fla. May 4, 2015)).

The argument that the Magistrate Judge overlooked the issue of pain severity and Defendant's lack of rebuttal must also be rejected as the record clearly shows that in considering whether ALJ considered these things in her assessment, the Magistrate Judge concluded that the ALJ's finding is supported by substantial evidence. Consequently, this objection is overruled.

*Plaintiff's Fourth Objection*

As to Plaintiff's fourth objection, Plaintiff contends that the Magistrate Judge failed to apply the proper legal standards set forth in *Brady v. Heckler*, 724 F.2d 914 (11th Cir. 1984) and contends that the ALJ's determination that Plaintiff did not have a severe impairment is inconsistent with *Brady* and is not supported by any substantial evidence. Alternatively, Plaintiff contends that he submitted overwhelming evidence to overcome the *Brady* "de minimis"

standard.[1] Thus, Plaintiff argues that Magistrate Judge erred by failing to find the ALJ ignored the *Brady* standard.

In *Brady*, the court articulated the "slight abnormality" test for determining whether an impairment is severe:

> [A]n impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience.

*Id.* at 920. Plaintiff contends that he has presented sufficient evidence to withstand this test. The Court rejects this argument and finds that the record evidence presented before the ALJ supports her finding that Plaintiff did not suffer from a severe impairment. More specifically, the record evidence shows that Plaintiff had some impairments which were amendable to medical treatment and which were not severe. Plaintiff's argument that the ALJ failed to adhere to the *Brady* standard is without merit. This objection is overruled.

***Plaintiff's Fifth Objection***

With respect to Plaintiff's last objection, he contends that the Magistrate Judge erred in not highlighting the ALJ's mistake in failing to follow precedent set forth in another social security administrative case pursuant to Section 402.35(b)(1) of the Social Security Administration regulations. Again, such contention seeks to push the Court beyond its limited role of determining whether the ALJ's decision was based on substantial evidence. Further, Plaintiff relies on the case of Kristina Marie Townsend to support his contention that the ALJ was required to follow this decision and find that exposure to black toxic mold is a disability. This argument is unpersuasive.

---

[1] Plaintiff incorrectly refers to the standard set forth in *Brady* as a "de minimis" standard. The court in *Brady* articulated the "slight abnormality" test for determining whether an impairment is severe. *Brady*, 724 F.3d at 920.

Although Plaintiff submitted this case as part of his application for disability benefits, Plaintiff only attaches the first page. (DE 12 at 332.) Thus, this Court is unable to discern how the Social Security Administration reached its conclusion relating to Ms. Townsend. Without more, there is no way to determine what the findings of fact and conclusions of law in Ms. Townsend's case were or how the facts of Ms. Townsend's case are similar to this case.

Nonetheless, even if the Court agrees with Plaintiff and finds that the administration recognized toxic black mold poisoning as a disability factor, it does not change the ALJ's determination. Plaintiff contends that because he suffered from this condition, he is entitled to disability benefits. However, this is not true. Even if someone suffers from a condition, a determination must be made—based on substantial evidence—that such condition limits a claimant's ability to work. *See Wilson v. Barnhart*, 284 F. 3d 1219, 1228 (11th Cir. 2002) (evidence supported denial of disability benefits for claimant with short bowel syndrome because condition could not reasonably have caused disabling pain and limitations); *Bridges v. Bowen*, 815 F.2d 622, 625 (11th Cir. 1987) (affirming denial of benefits and finding that plaintiff's objectively determined medical condition did not meet the durational requirement for establishing a severe impairment.) That is precisely the issue here. The ALJ acknowledged that Plaintiff may very well have been exposed to black toxic mold. But even so, based on the evidence presented before the ALJ, Plaintiff was not disabled under the Social Security Administration Act. Plaintiff's objection is overruled.

The Court having reviewed, *de novo*, the Report, Plaintiff's objections, and the record, it is hereby

**ORDERED** that:

(1) The Report and Recommendation on Motions for Summary Judgment [DE 36] is **AFFIRMED and ADOPTED**, and incorporated by reference into this Court's Order;

(2) Defendant's Motion for Summary Judgment [DE 28] is **GRANTED**;

(3) Plaintiff's Motion for Summary Judgment [DE 23] is **DENIED**;

(4) Plaintiff's Objections [DE 37] are **OVERRULED**;

(5) All pending motions not otherwise ruled upon in this Order are **DENIED AS MOOT**; and

(6) This case is **CLOSED**.

**DONED and ORDERED** in Fort Lauderdale, Florida, this 26th day of March, 2021.

RODNEY SMITH
UNITED STATES DISTRICT JUDGE

cc:    All counsel of record